JD:MEF
F. #2018R01941

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR:

THE PERSON KNOWN AND
DESCRIBED AS BENJAMIN
UZILOV, DATE OF BIRTH
MARCH 25, 1981, USMS # 83681-
053

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR A
SEARCH WARRANT

(Fed. R. Crim. P. 41; T. 18,
U.S.C., §§ 924(c) and 1951)

No. 19-MJ-40

- - - - - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

Jose A. Chevere, being duly sworn, deposes and states that he is a Task Force Officer with the Joint Robbery Task Force of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Sections 1951 and 924(c)—specifically, that in or about September 2018, BENJAMIN UZILOV, date of birth March 25, 1981, did commit multiple Hobbs Act robberies, and did brandish a firearm during the course of those robberies—will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of the defendant.[1]

---

[1]  Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002).  But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In

The source for your deponent's information and the grounds for his belief are as follows:[2]

1. I am a Task Force Officer with the Joint Robbery Task Force of the ATF. The facts set forth in this affidavit are based upon my own investigation of the facts and upon what I have learned from other individuals who have participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

2. I have been involved in an investigation of the defendant related to the aforementioned criminal activity.

3. On September 27, 2018, the Honorable Steven L. Tiscione, United States Magistrate Judge, issued a warrant for the defendant BENJAMIN UZILOV's arrest on the basis of a complaint. (No. 18-M-775). The complaint is attached hereto as Exhibit A and the factual recitation therein is incorporated fully herein. The defendant BENJAMIN UZILOV was arrested and brought into federal custody under USMS #83681-053 on or about September 27, 2018. On October 10, 2018, an indictment, which is attached hereto as Exhibit B, was filed charging the defendant BENJAMIN UZILOV with one count of Hobbs Act robbery conspiracy, nine counts of Hobbs Act robbery, and one count of brandishing a firearm during the course of those robberies (the "Indictment"). (No. 18-CR-546).

---

re Vickers, 38 F. Supp. 2d 159, 165-68. (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

4. As set forth in Exhibit A, on or about September 26, 2018, between approximately 5:15 a.m. and 5:55 a.m., BENJAMIN UZILOV robbed three 7-Eleven convenience stores in Brooklyn, New York. During each of those three robberies, the defendant BENJAMIN UZILOV brandished a silver firearm and stole United States currency from the clerk inside. (Compl. at §§ 2, 3, and 4.) During two of those robberies, UZILOV wore a black mask. (Compl. at §§ 3 and 4.) In connection with the first of those three robberies, a female witness called 911 and reported that a white male with a firearm held up the 7-Eleven located at 953 Kings Highway, and then entered a black Cadillac after exiting the store. (Id. at ¶ 2.)

5. On or about September 26, 2018, at approximately 6:00 a.m., two New York City Police Department ("NYPD") officers (the "Officers"), who were patrolling the neighborhood in which the aforementioned 7-Eleven stores were located, and who heard radio calls describing the robberies, the perpetrator, and the black Cadillac, spotted a black Cadillac travelling Westbound on Avenue U towards Ocean Avenue. (Id. at ¶ 5.) The Officers observed the defendant BENJAMIN UZILOV, who fit the description of the perpetrator given by victims, pull into a BP gas station, located at 3010 Ocean Avenue, Brooklyn, New York. (Id.) The Officers approached the defendant, informed him that he was a person of interest, and detained him. (Id.)

6. Shortly thereafter, one of the Officers surveilled the black Cadillac from the outside and observed what he believed to be a black ski mask on the front passenger seat of the vehicle. (Id. at ¶ 6.) That Officer opened the front passenger door, inspected the mask, and confirmed his belief. (Id.) Thereafter, the Officer opened the

glove box in the front passenger seat of the black Cadillac and observed the handle of a firearm. (Id.)

7. Thereafter, officers from the NYPD Evidence Collection Team ("ECT") inspected the interior of the black Cadillac and recovered a two-toned black and silver firearm from the glove box, to wit: a .45 caliber Taurus International semiautomatic handgun (the "Firearm"). (Id. at ¶ 11.)

8. In connection with the investigation, ECT officers collected swabs of possible DNA evidence from the Firearm. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from objects such as a Firearm.

9. The DNA evidence collected by ECT was sent for testing by the New York City Office of the Chief Medical Examiner ("OCME") for the presence of DNA. Based on the facts set forth in paragraphs 4 through 8 above and information obtained during the course of the investigation, there is a substantial likelihood that the DNA of the defendant, BENJAMIN UZILOV, will be found on the swabs of possible DNA evidence obtained from the Firearm.

10. The government wishes to compare the DNA from the Firearm with a DNA sample obtained directly from the defendant (e.g., a buccal swab).

11. Based on the above information, there is probable cause to believe that the defendant BENJAMIN UZILOV is a contributor to DNA evidence found on the Firearm. Therefore, there is probable cause to believe that a buccal swab or sample of his blood would constitute evidence of the defendant's commission of the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Task Force Officers, New York City Police Department officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from the defendant, BENJAMIN UZILOV, a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that the defendant BENJAMIN UZILOV, refuses to submit to a buccal cheek swab. In the event that a blood

sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

_____
Jose A. Chevere
Task Force Officer
Joint Robbery Task Force
Bureau of Alcohol, Tobacco and Firearms

Sworn to before me this
16 day of January, 2019

_____
HONORABLE R
CHIEF UNITED    s/ Mann    JDGE
EASTERN DIST

6